```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BJORN HOLUBAR, on behalf of himself and all
others similarly situated,

                        Plaintiffs,
                                                            REPORT AND
                                                            RECOMMENDATION
            -against-                                       CV 10-2494 (JS)(ARL)

FRANCIS NICOLAI, NYS OFFICE OF COURT
ADMINISTRATION, NEW YORK STATE
SECRETARY OF STATE, AND JOHN AND
JANE DOES,

                        Defendants.
----------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned by District Judge Seybert for the purpose of conducting a hearing and issuing a report and recommendation concerning the plaintiff's motion for a preliminary injunction. The parties appeared before Judge Seybert on June 1, 2010, at which time the plaintiff's request for a temporary restraining order was denied. The court then entered a briefing schedule for the instant motion. In opposition to the plaintiff's motion for a preliminary injunction, the defendant New York State Office of Court Administration and the defendants Francis Nicolai and the New York State Secretary of State have cross-moved to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction and the complaint fails to state a cause of action.[1] Based on the complaint and the accompanying motion papers, the undersigned finds a hearing to be unnecessary and recommends that the motion be denied and the complaint dismissed in its entirety.

---

[1] The defendants Francis Nicolai and the New York State Secretary of State have also moved to strike the plaintiff's reply as untimely. That request is denied. Although the reply papers were mailed three days after the deadline, the court will consider the submissions.

**BACKGROUND**

The plaintiff, Bjorn Holubar ("Holubar"), commenced this action seeking, among other things, a judgment declaring that Justice Francis A. Nicolai did not hold the position of a Justice of the Putnam County Supreme Court as of February 1, 2008. The plaintiff also seeks to enjoin Justice Nicolai from serving as a Justice of that court as well as an order requiring the New York State Office of Court Administration to monitor and assure compliance with Public Officer's Law ¶¶ 10 and 30.

The instant complaint stems from divorce proceedings between Holubar and his estranged spouse over which Justice Nicolai presided as of 2008. The plaintiff Holubar, who is clearly dissatisfied with his on-going divorce proceedings, now seeks to punish Justice Nicolai for granting assorted relief to his estranged wife. As alleged in the instant complaint, Holubar asserts that Justice Nicolai violated his Fourteenth Amendment right to due process when Justice Nicolai discontinued Holubar's mid-week dinner visitation with his children. *See* Complaint ¶¶ 44-47. Holubar also contends that his Fourteenth Amendment right to equal protection was violated when Justice Nicolai required only Holubar to pay for a transcript and when Justice Nicolai denied his request for a default judgment. *See* Complaint ¶¶ 48-49.

Holubar's complaint asserts that Justice Nicolai also violated his equal protection and due process rights when he (1) ordered a contempt proceeding against him but refused to continue a contempt proceeding against his estranged wife; (2) refused to sanction his estranged wife for false representation to the court; (3) refused to hold his estranged wife in contempt for liquidating marital property; (4) refused to hold his estranged wife in contempt when she failed to provide him with advance notice of the children's appointments; (4) refused to hold his estranged wife in

2

contempt for having consumed alcohol in violation of a court order; and (5) refused to hold his estranged wife in contempt for violating the order of protection in his favor. *See* Complaint ¶ 51. Finally, Holubar claims that his rights were violated when Justice Nicolai refused to vacate the Notice of Discontinuance entered in the matrimonial action. *See* Complaint ¶ 53.

Holubar argues that he was denied a "fair and impartial judiciary" because Justice Nicolai lacked authority to make any rulings after January 31, 2008 because he allegedly failed to file an Oath of Office with the Secretary of State within thirty days of the commencement of his judicial term. Holubar acknowledges that oaths were filed with the Office of Court Administration, but alleges that those oaths were defective on their face. Accordingly, Holubar seeks to enjoin Justice Nicolai during the pendency of this action from:

> (a) effecting the duties, charges and obligations of a Justice of the Supreme Court, New York State in the 9th Judicial District;
> (b) effecting the duties, charges and obligations of a Justice of the Supreme Court, New York State in the 9th Judicial District; Putnam County; and
> (c) effecting the duties, charges and obligations of a Justice of the Supreme Court, New York State Appellate Term.

The plaintiff's motion should be denied and the complaint dismissed for a number of reasons. To begin with, the Eleventh Amendment bars claims against New York State and its arms, and the complaint fails to state a basis for jurisdiction over the defendants the Office of Court Administration and the Secretary of State. *See Capogrosso v. New York State Commission of Judicial Conduct,* 2009 U.S. App. LEXIS 23957 *1 (2d Cir. 2009)(summary order); *Posr v. Court Officer Shield #207,* 180 F.3d 409, 414 (2d Cir. 1999).[2] Moreover, under the Eleventh

---

[2] Although Holubar is proceeding pro se in this action the undersigned has determined that he was a practicing attorney until his suspension in April, 2010. Accordingly, Holubar he is not entitled to the usual deferential review accorded pro se litigants.

Amendment, judicial officials sued in their official capacities are immunized from suit by private citizens and there is nothing in the complaint to suggest that Justice Nicolai was acting in anything other than his judicial capacity. *See Sundwall v. Leuba,* 2001 U.S. Dist LEXIS 737 *9 (2d Cir. 2001). In addition, to the extent the plaintiff claims that his rights were violated under 42 U.S.C. § 1983, injunctive relief against state court judges is statutorily barred. *See Caroselli v. Curci,* 2010 U.S. App. LEXIS 7045 *5 (2d Cir. 2010)(summary order).

To the extent Holubar claims that Justice Nicolai vacated his position pursuant to Public Officer's Law § 30(1)(h), and thus lacked authority to make any rulings in his matrimonial action, Holubar is effectively seeking review of the decisions of a state court judge and this court lacks jurisdiction to address those claims. *See Capogrosso,* 2009 U.S. App. LEXIS at *2 (citing *Exxon Mobil Corp. v. Saudi Basics Indus. Corp.,* 544 U.S. 280, 283-88 (2005)(explaining the *Rooker-Feldman* doctrine); *see also McKnight v. Middleton,* 2010 U.S. Dist. LEXIS 30093 *25 (E.D.N.Y. Mar. 29, 2010)(applying *Younger* abstention to claims for injunctive relief). Additionally, to the extent this action is premised on Justice Nicolai's alleged failure to file an oath of office, this statute does not create a private cause of action.[3] Accordingly, the court recommends that the motion for a preliminary injunction be denied and that the plaintiff's complaint be dismissed.

The undersigned has not addressed the plaintiff's motion to amend his complaint, which was sandwiched in between arguments set forth in his reply memorandum, since the request is beyond the scope of the instant referral.

---

[3] Even if this court could somehow find a basis for jurisdiction it appears that venue over this matter does not lie within this district.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on the defendant upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 28, 2010

/s/
ARLENE R. LINDSAY
United States Magistrate Judge