```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BJORN HOLUBAR,

                Plaintiff,              MEMORANDUM & ORDER
                                        10-CV-2494 (JS)(ARL)
        -against-

FRANCIS NICOLAI, ET AL.,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:          Bjorn Holubar, pro se
                        4 Childs Lane
                        Setauket, NY 11733

For Defendants[1]:      Ralph Pernick, Esq.
                        New York State Attorney General
                        200 Old County Road, Suite 240
                        Mineola, NY 11501

                        John P. Eiseman, Esq.
                        Office of Court Administration
                        25 Beaver Street, 11th Floor
                        New York, NY 10004
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene Lindsay's Report and Recommendation ("R&R"), recommending that the Court deny pro se[2] Plaintiff Bjorn Holubar's motion for a

---

[1] Mr. Pernick represents Defendants Francis Nicolai and the New York Secretary of State.  Mr. Eiseman represents Defendant New York State Office of Court Administration.  The remaining Defendants (Ann Pafau, Larraine Cortez Vazquez, and "John & Jane Does") have not appeared.

[2] Mr. Holubar is a recently suspended attorney.  See Matter of Holubar, 73 A.D.3d 214, 899 N.Y.S.2d 201 (1st Dep't 2010).  His suspension is not related to this suit, or the underlying divorce proceedings.

preliminary injunction, and dismiss his Complaint. Mr. Holubar has objected to Judge Lindsay's R&R. For the following reasons, Mr. Holubar's objections are OVERRULED, and Judge Lindsay's R&R is ADOPTED IN ITS ENTIRETY. Consequently, Mr. Holubar's motion for a preliminary injunction is DENIED and this action is DISMISSED.[3]

## DISCUSSION

The Court presumes familiarity with Judge Lindsay's R&R. See Docket No. 19. In brief, Mr. Holubar is upset over certain decisions Justice Francis A. Nicolai rendered against him in on-going state court divorce proceedings. Rather than pursue proper state court channels, Mr. Holubar launched this collateral attack on Justice Nicolai's rulings. Framed as a putative class action, Mr. Holubar contends that Justice Nicolai's rulings are void because Justice Nicolai is not, in fact, legally a Justice. In this regard, Mr. Holubar claims that Justice Nicolai vacated his position by failing to file a timely Oath of Office.

On June 28, 2010, Judge Lindsay issued her R&R. Judge Lindsay concluded that Mr. Holubar's motion for a preliminary injunction "should be denied and the complaint dismissed for a

---

[3] Mr. Holubar amended his Complaint as of right on June 22, 2010, but his substantive allegations do not differ. See Docket No. 18. So the Court considers Magistrate Judge Lindsay's R&R in light of the Amended Complaint.

number of reasons," including Eleventh Amendment immunity, the Rooker-Feldman doctrine, the Younger abstention doctrine, and the lack of a private right of action. R&R at 3-4. Mr. Holubar objects to each of Judge Lindsay's recommendations. So the Court reviews them de novo. See 28 U.S.C. § 636(b)(1).

Having done so, the Court agrees with Judge Lindsay that, "for a number of reasons," Mr. Holubar neither states a claim nor establishes a right to injunctive relief. R&R at 3-4. For sake of brevity, however, the Court discusses only one of these reasons at length: the Younger abstention doctrine.

In the Amended Complaint, Mr. Holubar predicates federal question jurisdiction on alleged violations of his constitutional rights. Principally, Mr. Holubar contends that, because Justice Nicolai was (supposedly) not an actual Justice, his rulings violated Mr. Holubar's equal protection and due process rights. Under Younger, however, the Court should decline jurisdiction when: (1) state proceedings are pending; (2) an important state interest is implicated in those proceedings; and (3) the state proceedings afford an avenue open for review of the constitutional claims. See Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001). Here, the divorce proceedings before Justice Nicolai remain pending, and "New York state has an important interest in administering family law," including determining the legal status of its judicial officers. Finnan

v. Ryan, 357 Fed. Appx. 331, 333 (2d Cir. 2009) (barring suit against state court judges arising out of divorce case). Finally, N.Y. C.P.L.R. § 7804(i) provides an avenue for Mr. Holubar to raise his constitutional claims arising out of Justice Nicolai's legal status and orders, by enabling Mr. Holubar to commence a special proceeding against him.

Mr. Holubar also appears to argue that, notwithstanding Justice Nicolai's legal status, his orders substantively violated Mr. Holubar's constitutional rights. But these claims also fall under Younger, and for the same reasons. See Finnan, 357 Fed. Appx. at 333.

It follows then that the Court should decline to exercise jurisdiction over Mr. Holubar's claims. Consquently, it cannot grant Mr. Holubar any preliminary injunctive relief, and must dismiss this action in its entirety.

CONCLUSION

Mr. Holubar's objections to the R&R are OVERRULED. The Court ADOPTS Judge Lindsay's R&R in its entirety. Mr. Holubar's motion for a preliminary injunction is DENIED. The Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 15, 2010
       Central Islip, New York